# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : |
| | : |
| MALONE LAM, also known as "King Greavys," "7," "$$$," "Kg," and "Anne Hathaway," | : |
| | : |
| MARLON FERRO, also known as "Marlo," and "GothFerrari," | : |
| | : |
| HAMZA DOOST, also known as "Scyllia," and "¢," | : |
| | : |
| CONOR FLANSBURG, also known as "O O," "Green Room," and "@d0uu0b," | : |
| | : |
| KUNAL MEHTA, also known as "Papa," "The Accountant," "Shrek," and "Neil," | : CRIMINAL NO.  24-CR-417 (CKK) |
| | : |
| ETHAN YARALLY, also known as "Rand," and "15%," | : |
| | : |
| CODY DEMIRTAS, also known as "K O," and "Kody," | : |
| | : |
| AAKAASH ANAND, also known as "Light," and "Dark," | : UNDER SEAL |
| | : |
| EVAN TANGEMAN, also known as "E," "Tate," and "Evan | Exchanger," | : |
| | : |
| JOEL CORTES,  also known as "J," | : |
| | : |
| FNU LNU-1, also known as "~_~" "Squiggly," and "CHEN," | : |
| | : |
| FNU LNU-2, also known as "DANNY," and "Meech," and | : |
| | : |
| TUCKER DESMOND, | : |
| Defendants. | : |

**GOVERNMENT'S MOTION TO SEAL THE CRIMINAL SUPERSEDING INDICTMENT AND OTHER PLEADINGS, WARRANTS, RECORDS, PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to place under seal the Criminal Superseding Indictment, as well as all other pleadings, warrants, records, proceedings and files in this case, including the instant Motion to Seal, and proposed order and Order, and delaying entry on the public docket of this Motion to Seal and all related matters. In support of this motion, government submits as follows:

On April 30, 2025, a Grand Jury in the District of Columbia returned a Superseding Indictment charging the following defendants, MALONE LAM ("LAM"), also known as "King Greavys," "$$$," "7," "Kg," and "Anne Hathaway," MARLON FERRO ("FERRO"), also known as "Marlo," and "GothFerrari," HAMZA DOOST ("DOOST"), also known as "Scyllia," and "¢," CONOR FLANSBURG ("FLANSBURG"), also known as "O O," "Green Room," and "@d0uu0b," KUNAL MEHTA ("MEHTA"), also known as "Papa," "The Accountant," "Shrek," and "Neil," ETHAN YARALLY ("YARALLY"), also known as "Rand," and "15%," CODY DEMIRTAS ("DEMIRTAS"), also known as "K O," and "Kody," AAKAASH ANAND ("ANAND"), also known as "Light," and "Dark," EVAN TANGEMAN ("TANGEMAN"), also known as "E," "Tate," and "Evan | Exchanger," JOEL CORTES ("CORTES"), also known as "J," FNU LNU-1 ("CHEN"), also known as "Chen," "~_~" and "Squiggly,"  FNU LNU-2 ("DANNY"), also known as "Danny," and "Meech," and TUCKER DESMOND ("DESMOND").

LAM, FERRO, DOOST, FLANSBURG, MEHTA, YARALLY, DEMIRTAS, ANAND, TANGEMAN, CORTES, CHEN, DANNY, and others known and unknown, were members and

associates of a Social Engineering Enterprise and were charged with RICO Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One). LAM, FERRO, FLANSBURG, YARALLY, DEMIRTAS, ANAND, CHEN, and DANNY were charged with Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 (Count Two). Additionally, LAM, FERRO, DOOST, MEHTA, ANAND, TANGEMAN, CORTES, DESMOND, CHEN, and DANNY were charged with Conspiracy to Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h) (Count Three). Finally, DESMOND was charged with Obstruction of Justice, in violation of 18 U.S.C. § 1512(c) (Count Four).

The Superseding Indictment charges the defendants with conspiring with each other and others to carry out cryptocurrency thefts and to launder stolen cryptocurrency through various cryptocurrency exchanges and mixing services. The defendants coordinated to unjustly enrich themselves by targeting victims for cryptocurrency thefts and fraud and then laundering the proceeds to disguise the origin and ownership of the stolen cryptocurrency.

Law enforcement plans a coordinated arrest of many of the defendants on May 13, 2025. Many of the defendants are currently in California. The remaining defendants are in the United Arab Emirates and New Zealand.

The disclosure of the superseding indictment and bench warrants in the public records at this time will hinder law enforcement's efforts to apprehend the defendants and to seize valuable evidence. It may also endanger law enforcement personnel.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the superseding indictment and accompanying documents would likely compromise the criminal investigation by: (1) giving the defendants an opportunity to flee; (2)

placing the personal safety of law enforcement officials and innocent third parties at substantial

risk; (3) alerting the defendants of the exact status of the investigation; and (4) causing the

defendants and other possible targets to destroy or conceal documents, evidence, and criminal

proceeds. Each of these factors is particularly important in this instance because a large amount

of the evidence against the defendants exists on electronic devices and can be quickly deleted or

moved. Furthermore, the defendants have been transacting in virtual currencies to conceal victim

funds and their own holdings. These are funds that can be easily concealed with advanced notice

to the defendants.

Furthermore, it is common practice for individuals associated with criminal organizations

to check the public record in the Criminal Clerk's office to ascertain whether the government has

filed any pleadings under seal in cases against former associates. Consequently, public notice of

the filing of the sealed pleadings or proceedings, itself, is likely to compromise law enforcement's

efforts to arrest the defendants on the indictment and recover electronic evidence in a preserved

form.

Accordingly, the government submits that these facts present an extraordinary situation

and a compelling governmental interest which justify not only the sealing of the criminal

superseding indictment and all other pleadings, records, proceedings, and files in this case, but

also a delay in the public docketing of the filing of these sealed pleadings and the accompanying

order until the government represents that it can continue its criminal investigation without

substantial risk that it would be jeopardized due to the public docketing of the fact that sealed

pleadings have been filed in this case. *See Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C.

Cir. 1991).

Finally, the government is working with foreign authorities in the United Arab Emirates and New Zealand for assistance in arresting three defendants. The government requests permission to share the sealed arrest warrants and Indictment with foreign law enforcement through official channels in order to facilitate provisional arrest warrants and extradition.

Respectfully submitted,

EDWARD R. MARTIN, JR.
United States Attorney
D.C. Bar No. 481866


By: */s/ Kevin L. Rosenberg*
     Kevin L. Rosenberg, OH Bar No. 0081448
     Assistant United States Attorney
     United States Attorney's Office
     601 D Street N.W.
     Washington, D.C. 20530
     (202) 252-7833
     Kevin.Rosenberg@usdoj.gov